UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JOHNNY JULIOT *et al.*                                              PLAINTIFFS

v.                                                   CIVIL ACTION NO. 4:14CV-P1-M

DAVID OSBORNE *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION**

Three prisoners–Johnny Juliot, Robert Baucom, and Donnie Bullock–filed the instant *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff Juliot is currently incarcerated at the Kentucky State Reformatory; Plaintiff Baucom is currently incarcerated at Roederer Correctional Complex (RCC); and Plaintiff Bullock is currently incarcerated at the Green River Correctional Complex. The claims in the complaint, however, concern Plaintiffs' detention in the Daviess County Detention Center (DCDC). As Defendants, Plaintiffs name DCDC Jailer David Osborne and the detention center itself.

Plaintiffs allege that they have been subjected to "severe living conditions and unhealthy & unsanitary conditions," about which Defendant Osborne is "fully aware" and continues to let occur. They allege the following conditions:

> 1) More than 9 State Inmate's sleeping on the Floor including Myself (Johnny Juliot), (Robert Baucom) & (Donnie Bullock) it's designed to be a 26 man dorm But there is Always's 35 to 36 inmates spread out All over the Dorm's, the living

> Conditions are Herendous. You Can't walk without Stepping on other Peoples Mats. Which is Very Unsanitary Not to Mention We are only provided with one Mat to lay on the Dirty Floor. There is NO "Boat" provided to keep our Mat's off the Floor, and When we ask for a Bed or Another Mat We are threaten By Staff to go to the Hole, Where You get No Mat.
>
> 2) There is "Black Mold" growing All over the Dorm We live in B-133, which Can Cause Serious Health Conditions Such as C.O.P.D or Even Cause Death in Some Circumstances When Being in Contact with the Black Mold For Long Periods of time. The only thing the Jailer Has done about this issue is Have Inmate's Scrub the Surfaces With Deluted Bleach. But within Day's the Mold Return's and it goes untreated By A proffesional Cleaning Service. It's a Very Serious Health Risk to Keep Inmate's Housed in these Serious Conditions.

In the complaint, Plaintiff Juliot reports being placed in DCDC on November 21, 2013, and the record in this action reveals that he was transferred to RCC four-and-a-half months later on April 9, 2014 (DN 16). Defendant Baucom reports arriving at DCDC on December 5, 2013, and the record reveals that he was transferred to RCC two-and-a-half months later on February 18, 2014 (DN 6). Finally, Defendant Bullock reports arriving at DCDC on November 1, 2013, and the record reveals that he was sent to RCC three months later on February 4, 2014 (DN 9).

As relief, Plaintiffs request $10 million in monetary and in punitive damages and an injunction "Correcting the issues at Hand."

## II. **STANDARD OF REVIEW**

Because Plaintiffs are prisoners seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

#### A. *Claim for Injunctive Relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87

3

F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiffs are no longer incarcerated at the DCDC, it is clear that they would derive no benefit from being granted the requested injunctive relief. Therefore, their claim for injunctive relief will be dismissed.

### B. *Damages Claims*

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, as former Chief Justice Rehnquist remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

Furthermore, section 1997e(e) of title 42 United States Code provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-

4

CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases). The Sixth Circuit has "indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

### *1. Overcrowding/Unsanitary Conditions/Mats/Threat*

"[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "'[E]xtreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. at 9). Plaintiffs have failed to allege conditions rising to the level of an Eighth Amendment violation. Their allegations of "Herendous" and "unsanitary" living conditions are broad and conclusory. Further, Plaintiffs do not allege that they have to sleep directly on the floor. Rather, they concede that they have been provided a mat on which to sleep, but they want, in addition to the mat, a "Boat," a bed, or another mat. The Eighth Amendment, however, "does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Finally, "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)).

Plaintiffs also fail to show a physical injury as required by § 1997e(e). They fail to allege any injury or harm as a result of overcrowding, the unspecified unsanitary conditions, being required to sleep on the floor with one mat, or being threatened with the hole. *See, e.g.*, *Jarriett v. Wilson,* 162 F. App'x 394, 401 (6th Cir. 2005) (finding *de minimis* injury where a prisoner complained that his legs were swollen, he suffered pain while standing, and he had severe

5

cramps in his thighs when trying to sit); *Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009) ("[W]hile the plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases, they do not themselves establish that, as a result of allegedly unconstitutional prison conditions, they have been injured.").

For these reasons, the claims regarding overcrowding, unsanitary conditions, the provision of only one mat, and threats must be dismissed.

### 2. Mold

"The mere allegation of the presence of some mold does not create a condition 'intolerable for prison confinement.'" *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 WL 6591581, at *4 (E.D. Mich. Dec. 18, 2012) (quoting *Rhodes v. Chapman*, 452 U.S. at 348). While Plaintiffs speculate that "Black Mold" in their dorm "Can Cause Serious Health Conditions Such a C.O.P.D or Even Cause Death in Some Circumstances," they do not cite any symptoms that they experienced related to exposure to the mold. Their allegation of harm is speculative, and a "speculative injury does not vest a plaintiff with standing . . . ." *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000); *see also Voorhees v. Huber*, No. 1:01CV-76-M, 2010 WL 3211046, at *2 (W.D. Ky. Aug. 12, 2010) (finding that plaintiff's speculation that his exposure to mold in his sleeping area could endanger his health failed to state an Eighth Amendment claim); *Simpson v. Osborne*, 4:09CVP84-M, 2010 WL 2898808, at *3 (W.D. Ky. July 22, 2010) (finding that plaintiff's speculative injury of future harm from mold in the shower failed to state an Eighth Amendment claim); *McIntyre v. Phillips*, No. 1:07–cv–527, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007) (finding that

6

plaintiff's conclusory allegations regarding his exposure to black mold and his lack of anything other than future speculative harm failed to support an Eighth Amendment claim). Furthermore, since filing the complaint, Plaintiffs have been transferred to another facility. Thus, the threat of future injury has ended.

### IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: August 27, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
Defendants
4414.005